The Memorandum Decision and Order below is hereby signed. Dated: July 1, 2008.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | Case No. 07-00138 |
| BENJAMIN FRANKLIN RAMEY, | ) | (Chapter 13) |
| | ) | |
| Debtor. | ) | [Not for Publication in |
| | ) | West's Bankruptcy Reporter] |

MEMORANDUM DECISION AND ORDER

This addresses the debtor's Objection for Order Reopening Case to Permit Creditor to Pursue Motion for Relief From Automatic Stay *Nunc Pro Tunc* (Docket Entry ("DE") No. 45) filed June 16, 2008. The objection appears to be to the granting of a creditor's motion for *nunc pro tunc* relief from the automatic stay. Treating the debtor's objection as a motion to vacate the order that was entered on June 12, 2008, granting such *nunc pro tunc* relief, the motion will be denied.

The objection fails to explain why the debtor failed to address the creditor's motion in a timely fashion. It also fails to address the merits of the creditor's motion.

The creditor's first foreclosure sale was made on March 15, 2007, only 20 minutes after the filing of the debtor's petition,

and was rescinded when the creditor learned of the filing.  The case was dismissed on March 26, 2007, and the debtor moved to vacate the dismissal (without serving it on the creditor) and the court vacated the dismissal on April 12, 2007, but the creditor was unaware of that.  The creditor, being aware that the case had been dismissed on March 26, 2007, proceeded with a second foreclosure sale on May 17, 2007, not being informed that the dismissal was vacated.  The foreclosure sale fetched far less than the amount of the creditor's claim.  It then proceeded with eviction efforts, and filed its motion for *nunc pro tunc* relief once it realized that the second foreclosure sale had been made after the dismissal of the case had been vacated.

This case was dismissed again on July 20, 2007, this time with prejudice for 180 days, such that the creditor could have foreclosed anew had it known that its foreclosure sale had violated the automatic stay, and the debtor would not have been entitled to an automatic stay against foreclosure by way of filing a new case during the 180-day bar.  11 U.S.C. § 362(b)(21).  The debtor has articulated no reason to put the creditor to the burden and expense of a new foreclosure sale and renewed eviction efforts when it acted in good faith, without realizing that the dismissal of this bankruptcy case had been vacated, in conducting the foreclosure sale, and could have proceeded with a foreclosure sale anew during the 180-day period after July 20, 2007, without the debtor being able to utilize a

bankruptcy case to stay the foreclosure.  The property does not appear to have any equity.

That the debtor has not shown any reason to vacate the order granting *nunc pro tunc* relief is not altered by the prospect that the debtor may obtain a worker's compensation claim sometime in the future by virtue of the June 5, 2008, decision of the D.C. Court of Appeals remanding his worker's compensation claim to the Compensation Review Board for redetermination.  Moreover, the debtor's reliance solely on that event in seeking reconsideration suggests that he has not had the ability to fund a chapter 13 plan that would address the mortgage arrears that were owed the creditor.  It is thus

ORDERED that the debtor's objection (DE No. 45) is DENIED.

[Signed and dated above.]

Copies to: Debtor, Chapter 13 Trustee;

Darine K. Tabbara, Esq.
4520 East West Highway, Suite 200
Bethesda, MD 20814
Counsel for South Point Inc.
  c/o Wilshire Credit Corporation